UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| Ashley E. Creamer, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | C/A No.: 8:12-CV-00501-GRA-JDA |
| v. | ) | |
| | ) | |
| | ) | **ORDER** |
| Town of Williamston, | ) | (Written Opinion) |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendants' Second Partial Motion to Dismiss, filed on March 23, 2012. ECF No. 17. Defendant argues that Plaintiff's breach of contract claim is subject to dismissal on the pleadings under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Defendant also contends that punitive damages are not recoverable against the Defendant as a matter of law. Plaintiff responded in opposition. For the reasons stated below, Defendant's Motion is DENIED in part and GRANTED in part.

Federal Rule of Civil Procedure 8(a) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." *Fed. Trade Comm'n v. Innovative Mktg., Inc.*, 654 F. Supp. 2d 378, 384 (D. Md. 2009). When presented with a Rule 12(b)(6)

motion to dismiss, the court must restrict its inquiry to the sufficiency of the complaint rather than "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The United States Supreme Court noted, in *Iqbal*, that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.* (citing *Twombly* 550 U.S. at 556), and stated that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task, requiring the reviewing court to draw on its judicial experience and common sense," *id.* at 663–64 (citing *Twombly* 550 U.S. at 556). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. The Court further noted that "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

motion to dismiss, the court must restrict its inquiry to the sufficiency of the complaint rather than "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The United States Supreme Court noted, in *Iqbal*, that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.* (citing *Twombly* 550 U.S. at 556), and stated that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task, requiring the reviewing court to draw on its judicial experience and common sense," *id.* at 663–64 (citing *Twombly* 550 U.S. at 556). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. The Court further noted that "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

This Court, after a careful review of the pleadings, holds that the Plaintiff has met her burden under *Iqbal*, and concludes that the complaint pleads sufficient facts for which this Court can infer a plausible claim for relief.  Therefore, the Court denies this part of Defendant's Motion.  Additionally, Plaintiff conceded that punitive damages are not available in her case.  Thus, the Court grants this part of Defendant's Motion.

Furthermore, Plaintiff alleges, in her response to Defendant's Motion, that her complaint states facts sufficient to assert a claim of breach of an implied covenant of good faith and fair dealing.  The implied covenant claim is not mentioned in Plaintiff's Amended Complaint.  As such, the Court declines to address this issue at this time.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss is DENIED in part and GRANTED in part.

**IT IS SO ORDERED.**

_____
G. Ross Anderson, Jr.
Senior United States District Judge

July 16, 2012
Anderson, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.